IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KATHLEEN SEVASTOPOULOS,<br><br>   Plaintiff/ Counterclaim Defendant,<br><br>v.<br><br>WELLS FARGO BANK, NA,<br><br>   Defendant/ Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO SUBSTITUTE PROPER PARTY (DOC. NO. 65)**<br><br>Case No. 2:19-cv-00182-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |
| WELLS FARGO BANK, NA,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>ATHANASIOS SEVASTOPOULOS,<br><br>   Third-Party Defendant. | |

Before the court is a Motion to Substitute Proper Party filed by Plaintiff Kathleen Sevastopoulos and Third-Party Defendant Athanasios Sevastopoulos (collectively, "the Sevastopouloses") ("Mot.," Doc. No. 65.) The Sevastopouloses seek to substitute the personal representative of the Estate of Kathleen Sevastopoulos for Ms. Sevastopoulos. (*Id*.) The court heard argument on the motion on October 29, 2020. (Hr'g, Doc. No. 75.) For the reasons set forth below, the court[1] GRANTS the Motion to Substitute.

---

[1] On March 18, 2019, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(A), ordering her to hear and determine all nondispositive pretrial matters. (Doc. No. 5.) On May 15, 2020, this case was reassigned to the undersigned magistrate judge. (Doc. No. 50.)

1

## BACKGROUND

Ms. Sevastopoulos brought this action against Wells Fargo Bank, NA ("Wells Fargo") in Utah state court alleging Wells Fargo caused Ms. Sevastopoulos harm by aiding and abetting Marion Burrows Smith, a nonparty, in breaching her fiduciary duties. (Compl., Doc. No. 2-1.) As detailed in the Complaint, Ms. Sevastopoulos alleges Ms. Smith was the trustee of the Kathleen Smith Trust ("Trust") which expired in 1992 pursuant to its own terms. (*Id.* at ¶¶ 6–7, 10.) Ms. Sevastopoulos was the sole beneficiary of the Trust. (*Id.* at ¶ 6.) In 1984, Ms. Smith, in her capacity as trustee, purchased a house in Salt Lake City, Utah, which became property of the Trust. (*Id.* at ¶¶ 5, 9.) In 2013, Ms. Smith entered into a loan agreement with Wells Fargo, which Ms. Sevastopoulos claims was for Ms. Smith's own benefit and not the benefit of Ms. Sevastopoulos or the Trust. (*Id.* at ¶¶ 11, 23.) Ms. Sevastopoulos alleges Ms. Smith breached her fiduciary duties as trustee by improperly using the house as collateral for this loan, which resulted in a $500,000 lien or mortgage on the house. (*Id.* at ¶¶ 22, 24.) Wells Fargo reviewed the Trust documents and filled out the loan documents on behalf of Ms. Smith. (*Id.* at ¶¶ 14, 20–21.) Ms. Sevastopoulos alleges Wells Fargo knowingly assisted Ms. Smith in obtaining the loan using an erroneous description of Trust documents and an improper use of Trust property. (*Id.* at ¶¶ 13–21.) Accordingly, Ms. Sevastopoulos alleges Wells Fargo aided and abetted Ms. Smith in breaching her fiduciary duties to Ms. Sevastopoulos. (*Id.* at ¶¶ 33–34.)

In March 2019, Wells Fargo removed the case to this court, claiming this court has diversity jurisdiction. (Notice of Removal ¶¶ 5–8, Doc. No. 2.) Wells Fargo then filed a Counterclaim against Ms. Sevastopoulos and a Third-Party Complaint against Mr.

Sevastopoulos for unjust enrichment. (Countercl. & Third-Party Compl., Doc. No. 38.) In July 2020, after bringing this action, Ms. Sevastopoulos passed away. (Mot. 2, Doc. No. 65.)

## LEGAL STANDARD

Rule 25 of the Federal Rules of Civil Procedure provides "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Such motion "may be made by any party or by the decedent's successor or representative." *Id.* Rule 25(a) is a procedural rule providing the method by which a party may be substituted. *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978). However, the initial determination of whether a claim survives a death of a party is a question of substantive law. *Id.* In a diversity case, the court applies the substantive law of the forum state. *Medianews Grp., Inc. v. McCarthey*, 494 F.3d 1254, 1260 (10th Cir. 2007).

## DISCUSSION

Under Utah common law,[2] "personal tort actions abate upon the death of either the claimant or the tortfeasor, while tort claims for property damage or conversion survive." *Gressman v. State*, 2013 UT 63, ¶ 7, 323 P.3d 998. Claims for property damage "typically involve[ ] damage to or destruction of tangible personal property." *Id.*

---

[2] Both parties agree Utah's survival statute is inapplicable to this action. (Opp'n to Mot. to Substitute Proper Party ("Opp'n") 3–4, Doc. No. 68; Reply in Supp. of Mot. to Substitute Proper Party ("Reply") 3, Doc. No. 73.) Further, both parties agree Ms. Sevastopoulos' claim does not arise out of personal injury. (Opp'n 3–4, Doc. No 68; Reply 3–4, Doc. No 73.) This negates any need for the court to analyze Utah's survival statute. *See, e.g.*, *Beus Gilbert PLLC v. Brigham Young Univ.*, No. 2:12-cv-00970-RJS, 2019 U.S. Dist. LEXIS 22989, at *30 (D. Utah Feb. 11, 2019) (unpublished) (finding survival statute analysis superfluous for non-personal injury claim).

3

at ¶ 8. Personal tort actions end with the death of the claimant because "the reason for redressing purely personal wrongs ceases to exist…when the person injured cannot be benefited by a recovery." *Id*. at ¶ 7 (internal quotation marks omitted). The "property or estate of the injured person," on the other hand, "passes to [the claimant's] personal representatives." *Id*. (internal quotation marks omitted). Because of this, a property injury claim "can achieve its purpose as well after the death of the owner as before." *Id*. (internal quotation marks omitted); *see also Slavens v. Millard Cty.*, No. 2:11-cv-00568, 2013 U.S. Dist. LEXIS 131332, at *3 (D. Utah Sep. 11, 2013) (unpublished) (noting survivable actions at common law were those primarily involving property and property rights).

The question, then, is whether Ms. Sevastopoulos' claim is one of property damage such that it survives her death at Utah common law. Wells Fargo argues Ms. Sevastopoulos' claim is not for injury to property, because such claims "relate to the destruction or damage to tangible personal property" and, here, her claim alleges breach of a fiduciary duty. (Opp'n 3, Doc. No. 68.) Put differently, Wells Fargo contends her claim is one of pecuniary harm. (*Id*.) While property claims "typically" relate to the damage of tangible personal property, *Gressman*, 2013 UT 63, ¶ 8, Wells Fargo cites no cases holding claims for property damage must *only* relate to tangible personal property as opposed to real property. And it appears property damage claims can, indeed, include actions related to real property. *See* 1 AM. JUR. 2D *Abatement, Survival, and Revival* § 51 ("[T]he general rule is that . . . causes of action arising from torts to real and personal property survive and pass to the personal representative of the decedent . . . .").

4

Here, Ms. Sevastopoulos' claim—that Wells Fargo's allegedly wrongful acts resulted in an improper lien on Ms. Sevastopoulos' house—is a claim of damage to real property. (Compl. ¶¶ 5, 20–22, Doc. No. 2-1.) At the hearing, Wells Fargo did not dispute that the lien would pass to Ms. Sevastopoulos' successors in interest. (Hr'g, Doc. No. 75; Reply 5, Doc. No. 73.) The allegedly improper lien would lower the equity of the house and the value of the estate. Accordingly, Ms. Sevastopoulos' claim aligns with the purpose behind the distinction between property damage and personal injury; the claim can achieve its purpose as well after the death of Ms. Sevastopoulos as before. This injury is not a purely personal injury that abates with Ms. Sevastopoulos' death.

As a claim for injury to property, Ms. Sevastopoulos' claim survives her death. Accordingly, substitution is proper pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. Therefore, the court GRANTS the Motion to Substitute Proper Party (Doc. No. 65) and ORDERS that the personal representative of the Estate of Ms. Sevastopoulos be substituted for Ms. Sevastopoulos.

DATED this 25th day of November, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge