## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATHLEEN SEVASTOPOULOUS,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant and Counterclaim Plaintiff.<br><br>----<br><br>WELLS FARGO BANK, N.A.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>ATHANASIOS SEVASTOPOULOS,<br><br>    Third-Party Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00182-CW<br><br>District Judge Clark Waddoups |

Before the court is a motion for summary judgment filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") [ECF No. 44]. The court heard oral argument on the motion. At the conclusion of the hearing, the court took the motion under advisement. After considering the written submissions and the arguments presented at the hearing, the court GRANTS Defendant's motion for summary judgment.

### FACTUAL BACKGROUND

In November 1973, the Kathleen Smith Trust (the "Trust") was created and Plaintiff Kathleen Smith Sevastopoulos was designated as the grantor and sole beneficiary of the Trust. Plaintiff's mother, Marion B. Smith ("Smith"), was designated the trustee of the Trust.

In 1984, Smith, in her capacity as Trustee, purchased real property located at 1425 Tomahawk Drive, Salt Lake City (the "Tomahawk Property"). In May 2013, Smith entered into a loan agreement with Wells Fargo (the "2013 Loan Transaction") whereby Wells Fargo placed a lien (the "Deed of Trust") on the Tomahawk Property, which remains there to this day. Around the same time Smith entered into the loan agreement with Wells Fargo, Plaintiff's husband, Athanasios Sevastopoulos, provided Wells Fargo with an appraisal of the Tomahawk Property necessary to obtain the line of credit.

The Deed of Trust was recorded against the Tomahawk Property on May 31, 2013, specifying that Wells Fargo loaned $500,000 to Smith as Trustee of the Trust and that the loan was secured by the Tomahawk Property. This recording gave constructive notice of the Deed of Trust to all interested parties.

## I.   PLAINTIFF'S PRE-LITIGATION CORRESPONDENCE

Two years after the recording of the Deed of Trust, on September 23, 2015, Plaintiff began sending letters to Wells Fargo, explaining her position that the Tomahawk Property could not be used as collateral for the loan because the Trust was invalid and the Tomahawk Property "was used illegally as 'collateral'" by Smith. ECF No. 44 at 5 (emphasis in original). Plaintiff sent subsequent letters on October 9, 2015, October 18, 2015, November 9, 2015, December 2, 2015, December 22, 2015, and January 7, 2016, alleging that Wells Fargo had failed to read the Trust and that the lien was improperly placed on the Tomahawk Property. Plaintiff contended that had Wells Fargo read the Trust, Wells Fargo would have seen by the terms of the Trust that it had expired when Plaintiff turned 21 years old.

On February 19, 2016, Plaintiff's attorney sent a letter to Wells Fargo reiterating that Wells Fargo had failed to read the Trust and that it was Plaintiff's "intention to undertake such action as

2

may be necessary including amending the complaint to name additional parties" to clear title to the Tomahawk Property. *Id*. at 10. Plaintiff's attorney alleged that Wells Fargo "was negligent in not examining the Trust to see if it was still in effect at the time the 2013 Loan Transaction was entered into." *Id*.

## II.  PLAINTIFF'S LAWSUITS CONCERNING THE TRUST AND DEED OF TRUST

On January 21, 2016, Plaintiff brought suit in state court against Smith and Plaintiff's father, Nicholas G. Smith. Nearly a year later, on December 14, 2016, Plaintiff filed suit against Wells Fargo in state court (the "2016 Suit"), alleging, among other things, the issuance of a wrongful lien in the form of the Deed of Trust executed as part of the 2013 Loan Transaction. Specifically, Plaintiff alleged that Wells Fargo "either did not review the Trust before entering into the 2013 Loan Transaction . . . or it reviewed the Trust and simply ignored the language in the Trust providing for its termination." *Id*. at 11. On March 30, 2018, following Wells Fargo's removal of the 2016 Suit to federal court, this Court dismissed the 2016 Suit with prejudice.

On October 31, 2018, in connection with Plaintiff's state court action against Smith, Plaintiff deposed Smith, who testified that more senior officials at Wells Fargo had reviewed the Trust and approved the 2013 Loan Transaction. Smith said this when prompted by her husband, Nicholas Smith, to recall that senior officials reviewed the loan. Plaintiff contends that this was "new information," despite having previously alleged that Wells Fargo had "reviewed [the] trust and simply ignored the language." *Id*.

## III.  PLAINTIFF'S SECOND COMPLAINT AGAINST WELLS FARGO

On February 5, 2019, Plaintiff filed the present Verified Complaint against Wells Fargo, alleging that Wells Fargo aided and abetted Smith's breach of fiduciary duty by securing a loan

with Plaintiff's Tomahawk Property. Since that time, Smith and Smith's husband, Nicholas Smith, have died.

Defendant filed a motion for summary judgment, arguing that Plaintiff's suit is barred by the applicable statute of limitations and principles of claim preclusion. This court agrees and grants Defendant's motion.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). When applying the summary judgment standard, the court must "view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party." *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).

"[W]here a defending party pleads a statute of limitation and moves for summary judgment, and it appears that the action is barred by the appropriate statute of limitations and there is no genuine issue as to any material fact in connection with such statute, . . . then the motion for summary judgment should be granted." *Borum v. Coffeyville State Bank*, 6 F. App'x 709, 711 (10th Cir. 2001) (finding "that the evidence is clear and undisputable that plaintiff knew or should have known with the exercise of reasonable diligence all of the operative facts underlying his . . . claims more than two years before he filed his complaint").

## ANALYSIS

Wells Fargo moves the court for summary judgment against Plaintiff, alleging that the undisputed facts demonstrate, as a matter of law, that Plaintiff's claims are barred by the applicable statute of limitation and principles of claim preclusion. In response, Plaintiff first contends that the statute of limitation was tolled until October 2018 due to application of the "exceptional circumstances" prong of the discovery rule. Second, Plaintiff argues that res judicata is inapplicable because the operative facts giving rise to Plaintiff's aiding and abetting claim were not available to her, and because she was not required to bring her aiding and abetting claim as part of a claim for wrongful lien. The court will address each argument in turn.

## I.   PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

"As a general rule, a statute of limitations begins to run upon the happening of the last event necessary to complete the cause of action." *Mower v. Simpson*, 392 P.3d 861, 869 (citation omitted). "Once a statute has begun to run, a plaintiff must file his or her claim before the limitations period expires or the claim will be barred." *Id*. "Mere ignorance of the existence of a cause of action will neither prevent the running of the statute of limitations nor excuse a plaintiff's failure to file a claim within the relevant statutory period." *Id*.

A claim for aiding and abetting a breach of fiduciary duty is subject to a four-year statute of limitations. *See United Park City Mines Co. v. Greater Park City Co.*, 870 P.2d 880, 890 (Utah 1993) (concluding that a claim for aiding and abetting a breach of fiduciary duty was barred by the four-year statute of limitations); *see also* Utah Code Ann. § 78B-2-307(3). Neither party disputes this bar, both conceding that but for an exception to the statute of limitations, Plaintiff had to bring her cause of action within four years of the happening of the last event necessary to complete a claim for aiding and abetting.

In this case, it is undisputed that Plaintiff's claim arose, at the latest, in May 2013 – when Smith allegedly breached her fiduciary duties by entering into the 2013 Loan Transaction and authorizing Wells Fargo to record the Deed of Trust against the Tomahawk Property. The Deed of Trust was recorded with the Salt Lake County Recorder's Office on May 31, 2013. Plaintiff's claim thus expired, at the latest, on May 31, 2017 – four years after the recording of the Deed of Trust. Plaintiff did not file her Complaint until February 5, 2019, almost two years after the statute of limitations expired. Thus, but for some exception which tolls the statute of limitations period, Plaintiff's claim is barred.

### A.      *Plaintiff Has the Burden to Prove the Limitations Period Should Be Tolled.*

Utah law recognizes three situations in which a plaintiff can toll the statute of limitations until her discovery of the relevant facts giving rise to the cause of action. In such situations, "the burden of establishing that a limitations period should be tolled rests upon the plaintiff alleging the underlying claim." *Stephenson v. Elison*, 405 P.3d 733, 740 (Utah Ct. App. 2017) (citing *Tracey v. Blood*, 3 P.2d 263, 266 (Utah 1931). "[W]hen a party bears the burden of proof on a legal theory, and the opposing party moves for summary judgment and demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (citing *Jones & Trevor Mktg., Inc. v. Lowry*, 284 P.3d 630, 639 (Utah 2012). Thus, in the present case, because the undisputed facts show that the applicable four-year statute of limitations expired in May 2017, almost two years before Plaintiff filed suit, the burden rests on Plaintiff to demonstrate that the statute of limitations has been tolled.

### B.     The Discovery Rule Does Not Save Plaintiff's Claim.

Plaintiff asserts that she can overcome Wells Fargo's statute of limitation defense by relying on the discovery rule to toll the running of the applicable statute of limitations. "Under the discovery rule, the limitations period does not begin to run until the discovery of facts forming the basis for the cause of action." *Bistline v. Parker*, 918 F.3d 849, 880 (10th Cir. 2019) (quoting *Berenda v. Langford*, 914 P.2d 45, 51 (Utah 1996)). Utah law allows for a plaintiff to rely on a discovery rule to toll the statute of limitations only when a plaintiff (1) "make[s] an initial showing that he did not know nor should have reasonably known the facts underlying the cause of action in time to reasonably comply with the limitations period," *Young Res. Ltd. v. Promontory Landfill LLC*, 427 P.3d 457, 465 (Utah Ct. App. 2018), *and* (2) "exceptional circumstances  . . make the application of the limitations period unjust." *Id*. Because Plaintiff has failed both to make an "initial showing" that she could not have reasonably known the facts underlying her claim, or that anything about her case is exceptional, Plaintiff is not entitled to the tolling of the discovery rule.

### 1.     Plaintiff Failed to Make an "Initial Showing."

To rebut Wells Fargo's statute of limitations defense, Plaintiff needed to make an "initial showing" that she "did not know nor should have reasonably known the facts underlying the cause of action" as required before a statute of limitations may be tolled under the discovery rule. *Id*. Plaintiff asserts that she meets the "initial showing" requirement because she was "unaware" of Wells Fargo's alleged aiding and abetting of Smith's fiduciary breaches until October 2018, when Smith was deposed. According to Plaintiff, she had "absolutely no way" to obtain that information before Smith's deposition. The undisputed facts demonstrate that this is not true.

Beginning in September 23, 2015, Plaintiff sent no less than seven letters to Wells Fargo, alleging fraud and that Wells Fargo had failed to verify the Trust. Plaintiff filed her state lawsuit against Smith for breach of fiduciary duty arising out of the 2013 Loan Transaction on January 21, 2016. She had until October 28, 2016, at the close of fact discovery, to depose all relevant parties in that case, including Wells Fargo, and she chose not to. Plaintiff's claim that she could not have discovered any additional facts rings hollow, especially given that Plaintiff continually reiterated her allegations in her letters to Wells Fargo and in her prior pleadings. Plaintiff could have learned the facts in time to bring her claim but chose not to. Plaintiff does not meet the "initial showing" requirement before the statute of limitations may be tolled under the discovery rule.

### 2. "Exceptional Circumstances" Are Not Present Here.

But even if Plaintiff had made an initial showing that she could not have reasonably known the relevant facts to timely commence an action, Plaintiff nonetheless fails to identify anything about her case that is exceptional.

Tolling the statute of limitations for "exceptional circumstances" "is appropriate only where "the case presents exceptional circumstances, *and* the application of the general rule would be irrational or unjust.'" *Stephenson v. Elison*, 405 P.3d 733, 739 (Utah 2017) (emphasis added). Courts have routinely held that failing to learn of a claim does not constitute exceptional circumstances. *See Ottens v. McNeil*, 239 P.3d 308, 329 (Utah Ct. App. 2010). Indeed "cases presenting ordinary situations in which the party seeking relief did not discover the claim before the deadline set by the legislature had expired" do not constitute exceptional circumstances. *Id*. "We see nothing exceptional about a plaintiff waiting until the end of the limitations period and then learning that the underlying assumptions of her claim were erroneous." *Id*. "Many claimants

lose the opportunity to pursue a cause of action when a statute of limitations is applied to their individual cases." *Estes v. Tibbs*, 979 P.2d 823, 825 (Utah 1999).

Here, plaintiff does not cite to any fact that makes her case "exceptional." Rather, the only excuse Plaintiff raises is that she did not know the facts giving rise to her claim. But this justification, even if true, cannot be an "exceptional circumstance," as this excuse is present for every single application of the discovery rule, which first requires a plaintiff to make an initial showing that she did not know the facts giving rise to her claim. Thus, if ignorance of the facts of the claim were an exceptional circumstance, it would be present in every "exceptional circumstances" case and would allow the exception to swallow the rule. Simply put, being unaware of the facts underlying her claim – which is the extent of Plaintiff's argument for exceptional circumstances – is not sufficient to make Plaintiff's case "exceptional."

### 3. The Undue Hardship Balancing Test Weighs in Favor of Wells Fargo.

Moreover, Plaintiff does not meet the final prong of the exceptional circumstances test, requiring that she show that the application of the statute of limitations would be irrational or unjust. In considering this factor, courts apply "a balancing test that weighs '[t]he hardship the statute of limitations would impose on the plaintiff . . . [against] any prejudice to the defendant from difficulties of proof caused by the passage of time.'" *Ramsay v. Ret. Bd.*, 391 P.3d 1069, 1074 (Utah Ct. App. 2017) (citation omitted).

Plaintiff argues that application of the statute of limitations would be unjust because she was unaware of Wells Fargo's involvement in Smith's fiduciary breaches until October 2018. But this is the initial test required to show that she is entitled to an exception under the discovery rule; it is not a factor to be considered in the balancing test. *See Sevy v. Security Title Co. of S. Utah*, 902 P.2d 629, 636 (Utah 1995) (identifying factors to be considered in balancing test). This

is even more persuasive considering that Plaintiff sued Smith in 2016 and never subpoenaed Wells Fargo. Plaintiff then waited over two years before conducting discovery of the primary defendant in her case.

Plaintiff also contends that Wells Fargo will not have any difficulty in locating witnesses to defend the claim. Plaintiff's argument is unpersuasive. The two primary witnesses – Smith and her husband, Nicholas Smith – have died. Wells Fargo cannot examine the Smiths on their recollection of relevant events on a transaction that occurred nearly nine years ago. Moreover, the likelihood that anybody at Wells Fargo remembers anything from a routine loan application is minimal.

Finally, Plaintiff argues that if she is unable to pursue her claim, she will be unable to obtain damages against Wells Fargo for the allegedly improper lien. But being unable to obtain damages against a party is an excuse that virtually every plaintiff has in consideration of a tolling exception. Such argument cannot bring Plaintiff's claim within the purview of the exceptional circumstances prong. Simply put, Plaintiff's failure to timely exercise her rights, coupled with the death of the Smiths, demonstrate an undue prejudice to Wells Fargo that Plaintiff cannot overcome. Plaintiff has failed to make a showing of exceptional circumstances under the discovery rule and thus the statute of limitations is not tolled. Plaintiff's claim is barred by the statute of limitations.

## II.   PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA

As previously stated, the Court finds that Plaintiff failed to bring her cause of action within the relevant statute of limitations, namely, by May 31, 2017, four years after the Deed of Trust was recorded. But even if this were not the case – and Plaintiff's claim survived the statute of limitations bar – the court finds that Plaintiff's suit fails due to principles of res judicata.

"The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion. Claim preclusion corresponds to causes of action; issue preclusion corresponds to the facts and issues underlying causes of action." *Gillmor v. Family Link, LLC*, 284 P.3d 622, 626 (Utah 2012) (quoting *Mack v. Utah State Dep't of Commerce*, 221 P.3d 194, 203 (Utah 2009)). "Claim preclusion is premised on the principle that a controversy should be adjudicated only once." *Id.* Because the 2016 lawsuit against Wells Fargo was adjudicated by a federal court sitting in diversity, this Court must adopt "the law that would be applied by state courts in the State in which the federal diversity court sits" when considering the appropriate res judicata standard. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). In other words, Utah's res judicata standard governs whether Plaintiff's claim is barred.

Utah imposes a three-part test to determine whether res judicata will bar a claim. "First, both cases must involve the same parties or their privies." *Gillmor*, 284 P.3d at 626 (citation omitted). Second, the claim that is allegedly barred "must have been presented in the first suit or be one that could and should have been raised in the first action." *Id*. And third, "the first suit must have resulted in a final judgment on the merits." *Id*.

The parties agree that the first and third elements are satisfied in this case: this action involves the same two parties as the 2016 suit – Plaintiff and Wells Fargo – and the 2016 resulted in a final judgment on the merits. Thus, the only remaining element is whether Wells Fargo's alleged aiding and abetting of Smith's breach of her fiduciary duty is a claim "that could and should have been raised in the [2016 Suit]." *Id.*

Utah has "fully embrace[d] the . . . transactional test" for determining whether a claim could and should have been raised in a previous suit. *Id*. at 627. "Under the transactional test, claims or causes of action are the same as those brought or that could have been brought in the

first action if they arise from the same operative facts, or in other words from the same transaction." *Id*. (citation omitted). Indeed, "rather than resting on the specific legal theory invoked, [claim preclusion] . . . turn[s] on the essential similarity of the underlying events giving rise to the various legal claims." *Id*. This principle exists for judicial efficiency and consistency.

Here, Plaintiff's claim for aiding and abetting a breach of fiduciary duty arises from the same transaction – the 2013 Loan Transaction and Smith's securing that loan with the Tomahawk Property – that underlies both cases. In the 2016 Suit, Plaintiff complained that the Deed of Trust was wrongful because that loan was taken out in violation of the Trust. This is the same gravamen of Plaintiff's claim in the present suit: that Wells Fargo improperly authorized the 2013 Loan Transaction in violation of the Trust's terms. In short, Plaintiff's aiding and abetting cause of action arises from the same transaction and underlying operative facts as the cause of action from the 2016 Suit. Accordingly, Plaintiff could have and should have brought her aiding and abetting claim in one suit, rather than fashioning the present piecemeal litigation.[1] Her failure to do so prevents her from being able to sue Wells Fargo twice on the same set of facts.

---

[1] Despite recognizing that a petitioner seeking removal of a lien under the Wrongful Lien Act may include additional related claims in the petition, Plaintiff cites to two Utah Court of Appeals cases – *Lindstrom v. Custom Floor Covering Inc.*, 402 P.3d 171 (Utah Ct. App. 2017), and *Bay Harbor Farm, LC v. Sumsion*, 329 P.3d 46 (Utah Ct. App. 2014) – for the proposition that while she could have brought her claims in the 2016 Suit, she was not required to do so. The court finds Plaintiff's reasoning unpersuasive. *Lindstrom* and *Bay Harbor Farm* addressed what a court can determine concerning the wrongfulness of the lien in an expedited summary proceeding. These cases do not stand for the proposition that claims arising out of the same nucleus of operative facts do not need to be brought in one action. Indeed, such a proposition runs contrary to the very purpose of res judicata and the need for judicial efficiency. Simply put, Plaintiff should have filed her multiple causes of action in the 2016 Suit.

**CONCLUSION AND ORDER**

For the foregoing reasons, the court GRANTS Wells Fargo's motion for summary judgment.

DATED October 5, 2022.

BY THE COURT

_____
Clark Waddoups
United States District Court Judge